Eastern District of Kentucky
**F I L E D**
MAY 0 8 2020
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 20-CR-13-DCR

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                             **PLEA AGREEMENT**

GUADALUPE RAMOS                                                   DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 500 grams or more of methamphetamine, Count 2 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 40 grams or more of fentanyl, and Count 3 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute marijuana.

2. The essential elements of Count 1 of the Indictment are:

    (a) That the defendant knowingly possessed a controlled substance, methamphetamine, a Schedule II controlled substance, under federal law;

    (b) That the defendant intended to distribute methamphetamine to another person; and

    (c) That the amount of methamphetamine was 500 grams or more.

3. The essential elements of Count 2 of the Indictment are:

1

      (a) That the defendant knowingly possessed a controlled substance, fentanyl, a Schedule II controlled substance, under federal law;

      (b) That the defendant intended to distribute fentanyl to another person; and

      (b) That the amount of fentanyl was 40 grams or more.

4.     The essential elements of Count 3 of the Indictment are:

      (a) That the defendant knowingly possessed a controlled substance, marijuana, a Schedule I controlled substance, under federal law; and

      (b) That the defendant intended to distribute marijuana to another person.

5.     As to Counts 1, 2, and 3 of the Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

      (a)    In November 2019, agents with ATF and DEA identified Guadalupe Ramos as a drug trafficker distributing significant quantities of methamphetamine. During their investigation, agents learned that Ramos was residing at a home on Russell Cave Road. They also learned that Ramos frequented and had access to a second residence on Bright Avenue, Fayette County, Kentucky, in the Eastern District of Kentucky. Based upon the information gathered during the investigation, agents suspected the Bright Avenue residence was used solely for the processing, manufacturing, storing, and distributing controlled substances.

      (b)    On January 7, 2020, agents observed Ramos arrive at the Bright Avenue residence and departed approximately 50 minutes later. On January 8, 2020, at approximately 5:19 am, agents observed Ramos leave the Russell Cave Road residence and return to the Bright Avenue Residence. Approximately 3 hours later, agents observed Ramos placing trash in the trash receptacle. On January 9, 2020, agents conducted a trash inspection of the receptacle left on the curb for trash pickup, and located items indicative of drug trafficking activities.

      (c)    On January 9, 2020, agents with DEA and ATF executed a search warrant at a residence on Bright Avenue. During the search, agents located approximately 3.62 kilograms of suspected methamphetamine, 12,500 suspected

pressed fentanyl pills, approximately 50 pounds of suspected marijuana, approximately 156 grams of suspected heroin, scales, and a packing press. On the same day, agents went to Ramos' Russell Cave Road residence and conducted a consent search. During the search officers located approximately 138 grams of suspected methamphetamine, a Taurus, .40 caliber revolver, a Smith & Wesson, .38 caliber revolver, an American Tactical rifle, scales, and a small amount of marijuana. The different types of narcotics and amounts of each are consistent with drug trafficking.

(d) A field test was conducted on the suspected methamphetamine and the substance tested positive for methamphetamine. The methamphetamine weighed in excess of 500 grams. Agents also recognized the pressed pills as being consistent with pressed fentanyl and weighed in excess of 40 grams. The substances were submitted to the KSP lab and DEA lab for forensic evaluation.

6. The statutory punishment for Count 1 of the Indictment is imprisonment for not less than 10 years and nor more than life, a fine of not more than $10,000,000, and a term of supervised release for at least 5 years. The statutory punishment for Count 2 of the Indictment is imprisonment for not less than 5 years and nor more than 40 years, a fine of not more than $5,000,000, and a term of supervised release for at least 4 years. The statutory punishment for Count 3 of the Indictment is imprisonment for not more than 5 years, a fine of not more than $250,000, and a term of supervised release of at least 2 years.

A mandatory special assessment of $100 per count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

7. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 5 and all provided discovery materials.

(c) Pursuant to USSG § 2D1.1(c)(4) the base offense level is at least 32 because the converted drug weight is at least 3000 KG but less than 10,000 KG.

(d) Pursuant to USSG § 2D1.1(b)(12), the offense level is increased by 2 levels because the defendant maintained a premise for purpose of manufacturing or distributing a controlled substance.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant=s timely notice of intent to plead guilty.

8. It is the position of the United States that pursuant to USSG § 2D1.1(b)(1), the offense level is increased by 2 levels because a dangerous weapon was possessed. The Defendant reserves the right to challenge the application of USSG § 2D1.1(b)(1).

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

10. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading

4

guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12.     The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available

to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney=s Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant=s entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 5/8/20

By: _____
for Cynthia T. Rieker
Assistant United States Attorney

Date: 5·8·20

_____
Guadalupe Ramos
Defendant

Date: 5·8·20

_____
Charles Gore
Attorney for Defendant

7