UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CASE NO. 5:20-013-DCR

UNITED STATES OF AMERICA                                           PLAINTIFF

v.

GUADALUPE RAMOS                                                    DEFENDANT

---

**DEFENDANT'S SENTENCING MEMORANDUM
AND OBJECTION TO PRESENCE INVESTIGATION
REPORT**

---

Comes the Defendant, Guadalupe Ramos, by counsel, and files the following document as his objection to the presentence investigation report and as his sentencing memorandum.  The defendant is objecting to the application of U.S.S.G. §2D1.1(b)(1) which increases his offense level by two because a firearm was possessed.  The defendant reserved the right to object to this enhancement in the plea agreement. The probation office responded in the final presentence investigation report with its position that the two point enhancement is appropriate under the guidelines.  The final version of the presentence report was received by counsel on August 11, 2020.  This objection has not been resolved.

The government bears the burden of proving by a preponderance of the evidence that an aggravating sentencing factor applies.  United States v. Vandeberg, 201 F.3d 805 (6th Cir. 2000) (citing United States v. Martinez, 181 F.3d 794) (6th Cir. 1999)).  The enhancement is to apply if the weapon was present for the offense. U.S.S.G. §2D1.1, app. Note 11 (a).  For this enhancement to apply, the United States

must establish (1) that the defendant possessed the weapon (either actually or

constructively), and (2) that such possession was during the commission of the offense.

United States v. Ricks, 165 F.3d 29 (6th Cir. 1998) (unpublished) (citing United States v.

Sanchez, 928 F. 2d 1450) (6th Cir. 1991)).  Possession of a weapon is established if it

could have facilitated the illegal transactions, and the adjustment should be applied if

the weapon was present, unless it was clearly improbable that the weapon was

connected to the offense.  United States v. Zimmer, 14 F.3d 286 (6th Cir. 1994).  Factors

to consider in evaluating a weapon's relationship to a drug offense include: the

proximity of the firearm to the drugs; the type of weapon involved; whether the firearm

was loaded; and any alternative purpose to explain the weapon's presence.  United

States v. Moses, 289 F.3d 847, 850 (6th Cir. 2002).

The defendant believes that the facts do not establish that the guns were

connected to the offense.  This case involved the search of two locations, a residence he

shared with his girlfriend on a regular basis located on Russell Cave Road and a location

where he apparently stored drugs on Bryant Avenue.

The property on Bryant Avenue was apparently used to store drugs involved with

the defendant's actions.  No guns were found at that location.  Bryant is the location the

police suspected of his drug activity because a trash pull was done at the address.

There were no trash pulls done on the Russell Cave house.

During the search of the Russell Cave address, several guns were found in a

downstairs bedroom in a dresser drawer and one rifle was found in the bedroom closet.

Also in the bedroom dresser drawer was a small amount of marijuana.

Methamphetamine,  in the amount of approximately 138 grams, was found in a floor

joist in the basement.  When the defendant was arrested in a traffic stop, two guns were found in the vehicle but no drugs.

An investigation of the defendant involved extensive surveillance of his activities. At no time was mention ever made of the defendant carrying a gun with him while he was conducting any drug related activities.  The defendant has admitted using marijuana and the small amount of marijuana found with the guns in the residence on Russell Cave would appear to be clearly for personal use and not related to the charges contained in the indictment.  There is no evidence that any of the drug crimes occurred at the Russell Cave location or in his vehicle.  The absence of evidence indicating weapons were present during any illegal activity eliminates the necessary connection between the weapons and the drug crime.  Without this connection, the enhancement should not apply.

SENTENCING FACTORS

The defendant acknowledges that he has pled guilty to the charges in the indictment.  He understands the seriousness of his crime and that such behavior requires significant punishment from the Court.  The defendant submits that the Court is free to deviate from the strict adherence to the guidelines and the defendant is requesting a sentence that is fair based upon the specific facts of this case.  The defendant is asking the Court to consider the following relevant information when determining a reasonable sentence.  The defendant submits several mitigating factors are present in this case which warrant a sentence below the range established by the guidelines.

The defendant is 28 years of age and has a criminal history score of one.  The defendant's mother died when he was young but he remains close to his father and four

siblings.  They have remained very supportive of him throughout the pendency of this case.  He is the father of a two year old boy.  He has been actively involved in that child's life and was in a relationship with the child's mother at the time of his arrest. The defendant has resided in Lexington for eight years and worked as a mechanic and a dry wall installer.

The defendant has been incarcerated since January, 2020.  He has been located at the Grayson County Detention Center, which has become somewhat of a hotspot for COVID-19.  The defendant wants to make the most of his incarceration so that he will be able to demonstrate to the Court that he is sincere in his desire to comply with the law and live a respectful life going forward.

The presentence report makes it clear that the defendant has a problem with marijuana.  He would respectfully request the Court recommend that he participate in the 500 hour RDAP offered by the Bureau of Prisons.  The program is designed to provide inmates with the knowledge and tools to deal with their addiction issues.  His long history of marijuana use indicates a very extensive treatment program would be beneficial.  This would help assure that upon his release from prison he would be able to avoid relapsing.  He believes his drug usage was a factor in his involvement with the illegal conduct set forth in the indictment.  Mr. Ramos will benefit from the substance abuse counseling available in the program.  Participating in this program during incarceration will help reduce the risk of relapse during a period of supervised release.

Under 18 U.S.C. §3553(a) the Court is to impose a sentence that is sufficient, but not greater than necessary, to comply with the sentencing act.  The defendant is facing a statutory mandatory minimum of ten years on Count I.  The guideline range is 135 to 168 months.

The defendant accepted responsibility and acknowledged his conduct was illegal. He further was ashamed of the harm he has caused to others.  His remorse is reflected in his acceptance of personal responsibility by the entry of his plea.  The defendant is very interested in achieving total rehabilitation so that he never again becomes involved in this type of conduct.  Since being incarcerated, the defendant submits that he has begun the process of rehabilitation.

When the guidelines were mandatory, post-offense rehabilitation was a permissible ground for a downward departure.  United States v. Rudolph, 190 F.3d 720, 722-23 (6th Cir. 1999).  After the guidelines remained advisory, this conduct becomes even more important at sentencing.  The defendant submits that his admission of guilt has carried over into his incarceration, where he has worked diligently at rehabilitation.

The defendant's remorse and rehabilitation become even more relevant when coupled with his age at the time of release, making it unlikely that the defendant will commit other crimes in the future.  The defendant is 28 years of age and facing a mandatory ten years in prison.  Many Courts have considered a defendant's age as a factor when sentencing below the Guidelines.  See United States v. Wright, 464 Fed. Appx. 475(6th Cir. 2012); Simon v. United States, 361 F. Supp. 2d 35, 48 (E.D.N.Y. 2005); United States v. Thomas, 360 F. Supp. 2d 238,243 (D. Mass. 2005).  Further, according to the Sentencing Commission, "recidivism rates decline relatively consistently as age increases," from 35.5% under age 21 to 9.5% over age 50.  Lessening the need to protect the population from further crimes of the defendant under §3553(a)(2)(C). See United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines (available at ussc.gov/publicat/Recidivism_General.pdf).  It is submitted that when the defendant is

released from incarceration it is unlikely that he would continue involvement in drug distribution activities at the age he will be upon his release.

The defendant is extremely remorseful for his actions.  He does have a strong desire to be fully rehabilitated.  Based on these factors, it is unlikely the defendant will commit another crime.  The defendant respectfully asks this Court to take these factors into consideration under §3553(a) in determining a sentence that is no greater than necessary.

The defendant has a two year old son.  He submits that he is a good and loving parent and family member and that a lengthy incarceration could have a devastating effect on his child. The Court has seen many cases where the absence of a father figure during a child's early years has had an adverse impact on the child.  A caring, involved, participating parent is emotionally stabilizing for a young child and undoubtedly plays a major role in the normal development of the child.  The effect the defendant's absence in his child's life will have upon his son is a factor the defendant would ask the Court to consider in determining his sentence.

The defendant has a long history of abusing marijuana.  This is something he did on a daily basis up until the time of his arrest.  The defendant's criminal behavior could very well have been influenced by his use of marijuana.  The defendant is not blaming his drug usage for his involvement in the crimes charged but merely mentions this as a factor for the Court to consider in determining an appropriate sentence.

The defendant dropped out of high school before finishing.  Participation in educational activities helps children develop character traits that assist them throughout their lives.  Schools help teach children to act as good citizens.  The defendant submits that his lack of formal education may have contributed to his conduct in this case.  Mr.

Ramos requests that this factor be considered in issuing a sentence that is sufficient but not greater than necessary to achieve the ends of sentencing.

If the Court sustains the objection to the inclusion of the two level enhancement for the gun, this defendant would be eligible to receive credit for the RDAP program against his sentence.  He would also meet most of the requirements for the safety valve under the Guidelines.  Even if the Court does not deem it appropriate to eliminate the weapon enhancement, it is reasonable to ask for consideration for the fact there is no evidence the defendant ever carried a gun with him while he was performing his criminal acts.

The defendant's criminal record reflects his ability to typically follow the law and act in a legal manner.  The defendant has expressed a determined desire to move beyond his current situation.  He wants to regain the respect of his family, girlfriend and child.  His lack of a record indicates that there is no propensity for such activity.  The Court will impose a sentence of supervised release.  This will help assure the public will be protected because the defendant's activities will be monitored closely by the probation department.

The defendant understands that he is looking at a lengthy sentence and will certainly respect the sentence handed down by the Court.  He would ask the Court to take the preceding information into account when determining an appropriate sentence.

Respectfully submitted,

 /s/ Charles P. Gore
CHARLES P. GORE
155 E. Main Street, Suite 101
Lexington, KY  40507
859. 254-7367
859. 425-1200 (FAX)
gorecharles@hotmail.com

**CERTIFICATION**:

I hereby certify that on this 12th day of August, 2020, I electronically filed the Sentencing Memorandum herein with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

/s/ Charles P. Gore
Charles P. Gore